United States District Court
Southern District of Texas

**ENTERED**

May 13, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CARLOS DURAN DUARTE, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00295 |
| | § | |
| WARDEN OF THE RIO GRANDE | § | |
| PROCESSING CENTER, *et al.*, | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal custody at the Rio Grande Processing Center in Texas. Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. No. 7), Petitioner's Reply to the Response, and Motion for Summary Judgment Filed by Respondents, and Cross-Motion for Summary Judgments, (Dkt. No. 8), Petitioner's Motion for Decision on the Record, (Dkt. No. 9), Petitioner's Motion for Temporary Restraining Order, (Dkt. No. 10), and Respondents' Response to Petitioner's Motion for Temporary Restraining Order, (Dkt. No. 12).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by May 14, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by May 15, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Venezuela, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection in 2021 and has

remained continuously present in the country since then. (*See* Dkt. No. 1 at 3).[1] Shortly after entering the United States, Petitioner was apprehended by immigration officials. (*See* Dkt. No. 7 at 2). He was subsequently released and served a Notice to Appear. (*Id.*; Dkt. No. 7-1 at 1). Petitioner has no criminal history, and while living in the United States, he obtained work authorization. (Dkt. No. 1-1 at 6).

On February 10, 2026, Petitioner was arrested at his ICE check-in appointment. (Dkt. No. 1 at 5; Dkt. No. 7 at 2). Petitioner has not received a bond hearing since he's been detained. (Dkt. No. 1 at 6).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also* *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8,

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. He brings one claim for relief: violation of the Due Process Clause of the Fifth Amendment. Petitioner's due process claim is that Respondents have deprived him of his liberty interest to be free from detention without due process of law in violation of the Fifth Amendment. Petitioner requests, among other things, that this Court order an individualized bond hearing before an immigration judge with the burden on the government to demonstrate by clear and convincing evidence that detention is necessary and award reasonable attorney's fees.

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that his detention does not violate due process. The Court principally addresses Petitioner's due process claim and finds that his detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[3]

The Court finds that the same reasoning applies to these facts, though Petitioner's

---

[2] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

[3] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well.

length of presence in the United States is factually distinct from *Lopez Moncebais*. Petitioner has resided in the United States since 2021. The Court's reasoning in *Lopez Moncebais* relied on the petitioner's length of residence in the United States in evaluating his liberty interest. Here, the Court finds that Petitioner's residence in the United States since 2021 still creates a sufficient liberty interest to require that his detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether he should be detained.

Additionally, the Court has previously found that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings. *Bonilla Barrios v. Noem*, No. 5:26-cv-172, slip op. at 4 (S.D. Tex. Apr. 2, 2026). As the Court explained there, liberty interests "may arise from an expectation or interest created by state laws of policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In this case, Petitioner had an expectation, in addition to his residence since 2021, that he would be free from detention or at least entitled to seek bond while his removal proceedings were pending. He was released from detention in 2021 and spent nearly five years out of custody before he was re-detained. Respondents do not assert that Petitioner violated any conditions of his release. Petitioner appeared for a standard ICE check-in appointment and was taken into custody without any advance warning or explanation. Additionally, Petitioner represents that his wife is currently experiencing a high-risk pregnancy and is due to give birth in the near future. (Dkt. No. 1 at 5; Dkt. No. 10 at 3). That expectation interest strengthens his liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, No. 5:26-CV-268, slip op. at 7 n.6 (collecting cases).

For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate

---

*Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 2241), (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Respondents' Motion for Summary Judgment, (Dkt. No. 7), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by May 14, 2026, at 5:00 p.m.**, under his prior conditions of release, and to submit a status report to the Court confirming Petitioner's release **by May 15, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

All other relief requested by Petitioner, including his request for recovery of attorney's fees, is **DENIED**. Petitioner's Motion for Temporary Restraining Order, (Dkt. No. 10), is **DENIED as moot.**

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on May 13, 2026.

John A. Kazen
United States District Judge